# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By jburrell at 3:49 pm, May 22, 2018

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR417-208 |
| | ) | |
| KARTEU OMAR JENKINS | ) | |

## ORDER

Defendant Karteu Jenkins his filed numerous motions *pro se*, despite having appointed counsel. *See* doc. 329 (Motion for Hearing); doc. 347 (Motion to Suppress); doc. 349 (Motion to Adopt); doc. 350 (Motion to Suppress); doc. 351 (Motion for Bond Hearing); doc. 352 (Amended Motion for Hearing). The Court's Rules do not permit a represented defendant to file motions *pro se*. S.D. Ga. L. Crim. R. 44.2; *see also Cross v. United States*, 893 F.2d 1287, 1291-92 (11th Cir. 1990) (a defendant who is represented by counsel has no right to act as his own co-counsel, *i.e.*, there is no right to "hybrid representation" partly by counsel and partly by defendant). Those motions are, therefore **DENIED** as moot.

Although Jenkins objects to counsel's handling of this case, he does not expressly ask for new counsel or to represent himself. *See, e.g.,* doc. 350 (indicating he is moving *pro se* "due to ineffective counsel" of his

appointed attorney). The Court will not, however, construe such tangential complaints as a motion to appoint new counsel or to proceed *pro se*. If Jenkins wishes to proceed *pro se*, he must file a motion *clearly* expressing that wish, which would trigger the process mandated by *Faretta v. California*, 422 U.S. 806 (1975). If, after that process, he is granted leave to proceed *pro se*, he may refile the motions he believes necessary. If he seeks to have new counsel appointed, he must file a motion seeking such an appointment separate from any other relief.

**SO ORDERED**, this 22nd day of May, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA