UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR417-208 |
| | ) | |
| KARTEU OMAR JENKINS | ) | |

## ORDER

Defendant Karteu Jenkins has filed several purported *pro se* motions. *See* doc. 525. The Court has explained to Jenkins that *pro se* filings by a represented party are null. *See* doc. 387. Again, in case any confusion remains, the Court's Rules do not permit a represented defendant to file motions *pro se*, except motions to appoint new counsel or to proceed *pro se*.[1] S.D. Ga. L. Crim. R. 44.2; *see also Cross v. United States*, 893 F.2d 1287, 1291-92 (11th Cir. 1990) (a defendant who is represented by counsel has no right to act as his own co-counsel, *i.e.*, there is no right

---

[1] Jenkins' motion, perhaps in tacit recognition of the Court's prior Order, asserts that he "is under no agreement that states he cannot file any motions his self [sic]." Doc. 525 at 1. He further suggests that he is entitled to "recognition before the law" based on the Universal Declaration of Human Rights, Article 6. *Id.* Jenkins is wrong. As other courts, including the Supreme Court, have explained, the Declaration does not establish any enforceable rights. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) ("[The Universal Declaration of Human Rights] does not of its own force impose obligations as a matter of international law."); *United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) ("[T]he Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action."). To the extent that Jenkins' motion seeks leave to serve as his own co-counsel, it is **DENIED**.

to "hybrid representation" partly by counsel and partly by defendant). Those motions are, therefore **DISMISSED as moot**. Doc. 525.

Although Jenkins expresses misgivings about counsel's handling of this case, he does not expressly ask for new counsel or to represent himself. *See* doc. 525 at 1 (mentioning the possibility that counsel's failure to raise issues will waive them). If Jenkins wishes to proceed *pro se*, he must file a motion *clearly* expressing that wish, which would trigger the process mandated by *Faretta v. California*, 422 U.S. 806 (1975). If, after that process, he is granted leave to proceed *pro se*, he may refile the motions he believes necessary. If he seeks to have new counsel appointed, he must file a motion seeking such an appointment separate from any other relief.

**SO ORDERED**, this 6th day of December, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA