UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CR417-208 |
| | ) |
| KARTEU OMAR JENKINS, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Defendant Karteu Jenkins has objected to the Court's recommendation that his motion to suppress recordings of conversations he had with his co-defendant Eugene Allen over a contraband prison cell phone be denied. Doc. 528. He contends that the Court erred when it failed to consider the implication of the fact that he was not incarcerated when the communications occurred. *Id.* at 2. The Court did not consider those implications in detail for the simple reason that Jenkins never adequately raised the issue.

As the Report and Recommendation explained, the procedural history of the defendants' motions was convoluted. *See* doc. 521 at 1, n.2. The Court also noted that Jenkins did not advance any particularly developed arguments of his own. *See id.* As Jenkin's original motion

notes, the Supreme Court has "limited [Title III's 'aggrieved person'] provisions as limiting standing to challenge wiretaps to persons whose Fourth Amendment rights were violated by the interception." Doc. 339 at 2 (citing *Alderman v. United States*, 394 U.S. 165, 175-76, n. 9 (1969)). His briefs present *no* argument that his Fourth Amendment standing to challenge the interception of the communications rested on different grounds than Allen's. Doc. 349 (Motion to Adopt Motions of Charmaine Sims); doc. 433 at 1 (Government's response, noting that Sims' motion "was never litigated because she pled guilty"); doc. 454 (seeking to adopt Defendant Allen's motion and requesting that Jenkins "be allowed to raise *the same arguments* at a future hearing on" the suppression motion (emphasis added)); *see also* doc. 346 (Government's response describing the arguments presented in Jenkin's original motion as "boilerplate"). At the Court's August 29, 2018 hearing, Jenkins offered no argument of his own. He also filed no response to the Court's invitation for the parties to brief the issue. *See* doc. 441 (Minute Entry reflecting direction that the "parties" file briefs within 14 days). The only indication of his contention is an "affidavit" stating that he "was not incarcerated at the time that the wiretaps were put in place and executed," and asserting, in

2

a purely conclusory fashion, that he "had an expectation of privacy for [his] telephone conversations." Doc. 439.[1]

Despite his lack of any substantive argument on the point, the Court agrees that Jenkins' "rights are not an 'extension' of Defendant Allen's . . . ." Doc. 528 at 2. The Court will not, however, infer *how* Jenkins' different situation *makes a difference* to his status as an "aggrieved person," under Title III. *See* doc. 346 (Government's argument that Jenkins' original motion was not sufficiently definite or detailed to permit substantive response). Given his concession that the statutory definition is construed in the context of Fourth Amendment jurisprudence, doc. 339 at 2, he must show, not only that he had a *subjective* expectation of privacy in his communications, but that that expectation was one society is prepared to accept. *See, e.g., United States v. Ford*, 34 F.3d 992, 995 (11th Cir. 1994) (to establish Fourth Amendment standing, even a defendant who has "a subjective

---

[1] It is not clear that this document is an effective affidavit. In the first place, the document recites that it was made "before the undersigned notary public," but it is not notarized. *See* doc. 439. Further, it does not state that the assertions are made "under penalty of perjury," but only "under oath or affirmation." *Id.*; *see* 28 U.S.C. § 1746 (providing mandatory language for unsworn declarations). Finally, even supposing the affidavit was sufficient, its assertions alone are not competent evidence for the disposition of a suppression motion; their only function is to demonstrate the defendant's entitlement to a hearing. *See, e.g., United States v. Terry*, 2007 WL 496630 at * 4 (S.D. Ga. Feb. 12, 2007), *aff'd*, 258 F. App'x 304 (11th Cir. 2007).

expectation of privacy . . . must demonstrate that his is a subjective expectation that society is prepared to recognize as being reasonable."). Even construed charitably, Jenkins has established no more than his subjective expectation.[2]

In particular, Jenkins has cited no case that supports the proposition that he has the requisite privacy interest in *all* of the calls he makes on his personal telephone. *See, e.g., United States v. Wilk*, 2005 WL 7863526 at * 11 (S.D. Fla. Mar. 14, 2005) (explaining that the limits on prisoners' Fourth Amendment rights may affect the corresponding rights of non-prisoners). The Court is prepared to consider Jenkins' argument that he has a socially-recognized privacy interest in communications he participated in over a contraband prison cell phone,

---

[2] Jenkins' objection cites his original motion in support of his contention that he asserted his status as an aggrieved person. *See* doc. 528 at 2. The cited material asserts, unedited:

> Mr. Jenkins is an aggrieved person as defined by to 18 U.S.C. § 2510(11) in that he was a person who was a party to intercepted communications. Specifically, the order for interceptions was granted regarding telephone numbers that were either directly or indirectly related to Eugene Allen. Calls were intercepted pursuant to this order to which Mr. Jenkins was a party.

Doc. 339 at 9. The Court agrees that Jenkins appears to satisfy the statutory definition of "aggrieved person." However, *as his own brief points out pages earlier*, that definition is limited "to persons whose Fourth Amendment rights were violated by the interception." *Id.* at 2. In the absence of any indication of how his Fourth Amendment rights were violated, Jenkins' contention that he satisfies the statutory definition of "aggrieved person" is insufficient. Hence, the Court's request for further briefing on the issue.

4

but it could not and cannot conjure those arguments for him. Neither will it anticipate that the Government will respond to them as it responded to Allen's. *See* doc. 465 (Government's response to Allen's motion, responding to Jenkins' motion only by reference to its previously filed response).

Accordingly, the Court will construe Jenkins' objection as a Motion for Reconsideration, which it **GRANTS**. It, therefore, **VACATES, in part,** the Report and Recommendation to the extent that it disposed of Jenkins' motion to suppress. Doc. 521. By no later than 5:00 p.m., Eastern Standard Time on Friday, January 18, 2019, Jenkins is directed to file a supplemental brief detailing his argument that he has standing to challenge the interception of the communications, despite the illicit means of communication. The Government must file its response no later than 5:00 p.m. on Friday January 25, 2019. Those responses should state the parties' positions on whether a hearing on the standing question is necessary.

**SO ORDERED,** this 4th day of January, 2019.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA