# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR417-208 |
| | ) | |
| KARTEAU OMAR JENKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Karteau Jenkins has moved to have substitute counsel[1] appointed to represent him in the sentencing phase of his case. *See* doc. 705. Jenkins has also filed an objection to the District Judge's Order denying several motions he filed *pro se* after his trial. *See* doc. 708; doc. 698 (Order). Although that objection was docketed as a motion to proceed *pro se*, it is not properly considered here.[2] The Court held a hearing on Jenkins' motion on February 19, 2020. For the reasons explained below, it is **DENIED**. Doc. 705.

---

[1] Jenkins' motion is captioned as a motion to proceed *pro se*. *See* doc. 705. Despite the caption, the Court confirmed at the hearing that Jenkins did not want to proceed *pro se*, but instead wanted substitute counsel appointed. To the extent that the motion seeks leave to proceed *pro se* as alternative relief, it is **DISMISSED** as withdrawn.

[2] The Clerk is **DIRECTED** to correct the docket text to reflect the fact that the document is an objection, and not a motion.

Although the Constitution guarantees criminal defendants a right to effective representation, the Supreme Court has explained that it does not guarantee "a 'meaningful relationship' between an accused and his counsel." *Morris v. Slappy*, 461 U.S. 1, 14 (1983). "A defendant's general loss of confidence or trust is *not* sufficient." *Thomas v. Wainwright*, 767 F.2d 738, 742 (11th Cir. 1985) (emphasis added) (citation omitted). "Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right . . . to demand a different appointed lawyer except for good cause." *United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973); *United States v. Quinones*, 372 F. App'x 34, 35 (11th Cir. 2010). Good cause for substitution requires a showing that a defendant's appointed counsel cannot provide adequate assistance for one of several reasons, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict between counsel and his client. *Young*, 482 F.2d at 995. A defendant's subjective dissatisfaction with counsel's performance is simply not enough. *Cf. United States v. Cronic*, 466 U.S. 648, 657 n. 21 (1984) (noting that a defendant's expressions of satisfaction or dissatisfaction with counsel's performance are accorded "no weight" in evaluating effectiveness).

The Court is satisfied that there is no adequate cause to appoint substitute counsel. Assistant United States Attorney Frank Pennington expressed his opinion that Turner's performance, in the pretrial, trial, and sentencing phases of the case, was not deficient. He and co-counsel had been able to reliably contact Turner and, during their interactions, Turner always appeared to have an appropriate mastery of the facts and law. The *ex parte* discussion revealed that Jenkins' complaints arose almost exclusively from his subjective dissatisfaction with Turner. He was not able to point to any specific defect in Turner's performance. There is simply no indication of a "fundamental" breakdown of the sort that would warrant appointment of substitute counsel.

Accordingly, Jenkins' motion for the appointment of substitute counsel is **DENIED**. Doc. 705.

**SO ORDERED,** this 24th day of February, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA