# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR417-208 |
| | ) | |
| KARTEAU OMAR JENKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Karteau Jenkins has filed a document styled as an "objection" to the undersigned's order, doc. 749, denying his motion to substitute counsel. Doc. 751. Since Jenkins makes several factual allegations that were not explicitly discussed in the prior Order, the Court construes his Objection as a Motion for Reconsideration. For the reasons explained below, that motion is **DENIED**.

The Court's prior Order obliquely referred to complaints Jenkins' raised in an *ex parte* portion of the proceeding. *See* doc. 749 at 3. In the interest of protecting the details of the attorney-client relationship, the Court did not enumerate those complaints. *See id.* The issues raised by Jenkins in the present pleading were all raised during the *ex parte* portion of the hearing; specifically, Jenkins discussed his objection to Turner's

refusal to file motions related to grand jury testimony, the manner in which Turner reviewed the video and audio recordings provided by the Government in discovery, and Jenkins' objection to the conclusions of the Presentence Report[1]. The Court concluded then that those issues did not rise to the level "of a 'fundamental' breakdown of the sort that would warrant appointment of substitute counsel." Doc. 749 at 3. The Court sees no reason to revise that conclusion.

In addition to raising the factual issues discussed above, Jenkins' "objection" also suggests, again, that he might wish to proceed *pro se*. *See* doc. 751 (asserting he was "[d]enied [r]ight of [p]ro [s]e," objecting that the undersigned erred "through denying defendant the right to remove a cancerous assistance of counsel," and requesting that the Court "remove" counsel). At the hearing on Jenkins' prior motion, the Court confirmed—and the Order memorialized—that Jenkins did not want to proceed *pro se*; he wanted to proceed with counsel other than Mr. Turner. *See* doc. 749 at 1 n. 1. The Court declines to construe the present pleading as a request to

---

[1] The Court notes that Jenkins objects that Turner did not provide him with a copy of the PSI until February 19, 2020. However, the final PSI was not filed until February 24, 2020. Doc. 748. The Court also notes that Turner filed objections to the PSI on February 12, 2020. Doc. 742. As the Court explained to Jenkins at the hearing, Turner is prohibited from permitting him to retain a copy of the PSI.

2

proceed *pro se*. If Jenkins wishes to invoke his right to proceed *pro se*, he must state that wish unambiguously.

To the extent that Jenkins' "Objection" relied on facts that were not expressly discussed in the prior Order, it is construed as a Motion for Reconsideration and **DENIED, in part**. Doc. 751. The Court further declines to construe Jenkins' ambiguous references to proceeding *pro se* as invoking the right. The remaining objections to the Court's prior Order must be addressed by the district judge.

**SO ORDERED,** this 2nd day of March, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA